## CHARLES N. HAZEN
### v.
## HOLLIS JOHNSON, BY HIS NEXT FRIEND.

*Practice—Evidence.*

Where the assignment of error is that the verdict was against the evidence and instructions, and no complaint is made of the giving or refusal of instructions, and the evidence was such as to warrant the verdict, the judgment will be affirmed.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Stark County; the Hon. S. S. PAGE, Judge, presiding.

Mr. M. SHALLENBERGER, for appellant.

Mr. G. C. VAN OSDEL, for appellee.

UPTON, P. J.   This suit was originally commenced before a justice of the peace, from whose finding an appeal was taken to the Circuit Court of Stark County, wherein a trial was had before a jury, resulting in a verdict and judgment for the appellee, from which an appeal was taken to this court.

The appellant was in possession and the owner of a colt, which, upon being driven to harness, manifested a vicious disposition, and under excitement was inclined to kick.   The appellee had some experience in handling, breaking and training colts and horses.   It was agreed between the parties that appellee should take the colt of appellant and break it, so that it would ride, work and drive well in single or double harness, for which services, when completed, appellant was to pay appellee $10.   As to this contract, to the extent stated, there is no controversy.

It was claimed by the appellant that appellee expressly warranted the full and complete performance of the contract, without injury to the colt, beyond what should be absolutely

indispensable, and that, if appellee did not fulfill the contract, he was not to have any compensation whatever for what labor he might have performed in the attempt. It was further claimed by appellant that the colt was permanently injured by appellee in his endeavor to break or subdue it, and that he wholly failed to perform his contract in any particular.

On the other hand, appellee claimed that he had fully performed his contract in every particular, without injury to the colt; that when he returned it to appellant it was in good condition, uninjured, and would ride and drive in double or single harness, gently and quietly, and was well and perfectly broken; that upon its return to appellant, it was turned out in the pasture and not used for a period of many months, and when taken up and put to use was improperly handled and treated by appellant, which improper treatment and neglect in use by appellant was the sole cause of its renewed vicious habits. Upon this contention there was a sharp conflict in the evidence before the jury in the trial court.

The only point to which our attention is directed, and the one upon which is sought a reversal of the judgment in the court below, is that the verdict of the jury was against the evidence and instructions of the court, and that, therefore, a new trial should have been awarded by the trial court.

No complaint is made of the giving or refusal of instructions in the court below. We have carefully examined the testimony in the record before us, and we can not say that the jury were not warranted in the verdict rendered, and they were far better able to judge of its weight than we can be, and under the well established rules of law applicable to cases of this character, we must sustain that finding.

Finding no reversible error in this record the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*